NOT DESIGNATED FOR PUBLICATION

No. 130,272

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEY ALLEN BAUSBY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument. Opinion filed August 7, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BOLTON FLEMING, P.J., HILL and GARDNER, JJ.

HILL, J.: This is the summary disposition of Rodney Bausby's appeal of the order sending him to prison to serve a reduced sentence. We granted his unopposed motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). We affirm the district court.

Bausby pled guilty in 2020 to violating the Offender Registration Act, a level 3 person felony. The court imposed a departure sentence to a suspended 216 months' prison term and 36 months' probation.

1

Over the next several years, the State filed several motions to either sanction Bausby or revoke his probation and send him to prison. Together, the motions alleged Bausby had:

1. failed to report as directed,
2. failed to remain free from illegal substances,
3. failed to complete substance abuse treatment,
4. failed to make payments on court fees,
5. failed to submit to random drug tests,
6. failed to comply with court orders, and
7. failed to comply with the law.

Several times the court was forced to issue a bench warrant to secure Bausby's appearance in court. The State filed motions to revoke probation in July 2021, May 2022, June 2022, March 2023, and June 2024. In June 2022, the court ordered Bausby to serve a 60-day jail term as a sanction. Finally, on July 15, 2024, during the last probation revocation hearing, Bausby stipulated to violating his probation by failing to attend substance abuse treatment classes. The court revoked Bausby's probation, lowered his prison sentence from 216 to 60 months, and sent him to prison.

Bausby appeals that decision revoking his probation, arguing it was unreasonable to revoke his probation because there were treatment options available and he had satisfied his term of registration as an offender.

The rules we follow are well established. Once a probation violation is proved, a sentencing court has discretion to revoke probation and impose the original sentence unless otherwise limited by statute. A court abuses that discretion if the decision "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an

error of fact." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We see no abuse of discretion here.

A reasonable person could agree with the district court's decision to revoke Bausby's probation. Bausby had many chances over four years to obey the probation order. Even so, he repeatedly violated his probation order even after this favorable treatment. The court used a 60-day jail sanction to compel his compliance, but to no avail. Probation was granted as a dispositional departure; therefore, the district court had the statutory authority to revoke in July 2024. See K.S.A. 22-3716(c)(7)(B). There was no requirement that the district court make additional findings before revoking, and it substantially reduced his prison sentence. Thus, the district court did not abuse its discretion.

Affirmed.